BECKER, Circuit Judge,
concurring.
The threshold question on this appeal is whether to give collateral estoppel effect to the state court determination that Courtney and Halpin had contract rights of a duration limited to one year, and thus did not have the “unlimited tenure” necessary to trigger the tenured faculty exemption, 29 U.S.C. § 631(d). I believe that the state court’s decision was wrong, but I also believe that Judge Schwarzer is correct that we must give it collateral estoppel effect.
The state court appears to have accepted the plaintiffs’ tenure status. In fact, before engaging in its contractual analysis, the state court even stated, albeit offhandedly, that the plaintiffs held tenured positions. But the court pursued a different interpretation of the significance of tenure, concluding that tenure meant nothing more than that plaintiffs were guaranteed the rank of professor for their academic life.
It is not surprising that the state court did not engage in the same analysis that we would have in an ADEA claim. Courtney and Halpin did not raise ADEA claims in state court, and La Salle did not argue the *508 exemption since there was no ADEA claim to defend at the time. Moreover, the issue before us involves the application of a federal statute with its own set of governing regulations.
My concern about the result I must reach is compounded by the fact that I am convinced that La Salle in fact qualified for the ADEA exemption on the basis of the 1956 Faculty Handbook and the letters written by the University to each plaintiff which, I believe, granted plaintiffs tenure rights. And yet, with respect to those matters, the state court said:
The contracts in the instant case, when construed as a whole, are clear and unambiguous. It was unnecessary to refer to the language appearing in the 1956 Faculty Bulletin or letters by the university to members of the faculty to ascertain the parties’ intent. The fact that parties to a contract disagree upon its proper interpretation does not necessarily render the writing ambiguous.
In view of this passage, I cannot gainsay the accuracy of Judge Sehwarzer’s observation that the state court has already decided what the Handbook (and inferentially the letters) in fact gave the professors. And I know of no principle permitting us to avoid giving collateral estoppel effect to erroneous decisions. My discomfiture about the result is, however, allayed by the fact that it was La Salle that contended in state court that Courtney and Halpin’s invitations of tenure meant nothing more than that they were guaranteed the “rank of professor” for the duration of their active academic life. In other words, La Salle may be hoist on its own petard.
For the foregoing reasons, I am constrained to agree with Judge Schwarzer that La Salle’s policy is not covered by the ADEA exemption for tenured faculty members. I therefore concur in his opinion and in the judgment of the court.